AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Duwayne JONES, a/k/a "Black," | ) | Case No. 18-8515-BER |
| | ) | |
| *Defendant(s)* | ) | |

FILED by _TW_ D.C.

DEC 1 2 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __October 2, 2018__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) | Distribution of a controlled substance, namely a mixture or substance containing a detectable amount of cocaine and heroin, in violation of Title 21, United States Code, Section 841(a)(1). |

This criminal complaint is based on these facts:

PLEASE SEE AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

DEA SA David J. Brockman
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/12/18

_____
*Judge's signature*

City and state: West Palm Beach, Florida     United States Magistrate Judge Bruce Reinhart
*Printed name and title*

## AFFIDAVIT

I, David J. Brockman, a Special Agent with the Drug Enforcement Administration ("DEA"), being duly sworn, hereby depose and state:

### Background of the Affiant

1.    I have been a Special Agent with the DEA since November of 2010. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1). I have received basic training in narcotics investigations at the Justice Training Center located in Quantico, Virginia. I am currently assigned to the Miami Field Division, West Palm Beach District Office, in West Palm Beach, Florida. During my employment with DEA, I have conducted investigations of, and have been instructed in, investigative techniques concerning, the unlawful distribution and possession with intent to distribute controlled substances; importation of illegal narcotics; use of communication facilities to conduct illegal narcotics transactions; maintaining places for purposes of manufacturing, distributing, or using controlled substances; and conspiracies to commit these offenses; all in violation of Title 21, United States Code, Sections 841(a)(1) and 846, respectively.

2.    I have participated in numerous narcotics investigations and am familiar with a variety of investigative techniques, including physical and electronic surveillance; execution of search and arrest warrants; evidence handling; undercover operations; and the control and administration of confidential sources and domestic drug distribution organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers and drug users. I have also spoken with informants, suspects, and experienced narcotics investigators on numerous

occasions concerning the manner, means, methods, and practices that drug traffickers use to further their drug trafficking organizations ("DTOs") and the most effective methods of investigating and dismantling DTOs.

3. Based upon these experiences, and through the experience of other agents and detectives, I have also become well-versed in the methods used in illegal narcotics trafficking, the specific type of language used by illegal narcotics traffickers, and the unique patterns employed by narcotics organizations. I have also conducted physical, electronic, and wire surveillance. Additionally, I have arrested individuals for various drug violations and have spoken with many drug dealers, drug users, and confidential sources concerning the methods and practices of drug traffickers.

**Purpose of this Affidavit**

4. The information in this affidavit has been provided to me by other law enforcement officers either in person or through a review of their reports. The limited purpose of this affidavit is to establish probable cause for the arrest of Duwayne JONES ("JONES"), a/k/a "Black," for having committed the criminal offense of distribution of a controlled substance, namely a mixture or substance containing a detectable amount of cocaine and heroin, in violation of Title 21, United States Code, Section 841(a)(1). Accordingly, this affidavit does not set forth every fact that is known to me, or other officers, regarding JONES.

**Controlled Crack Cocaine and Heroin Purchase
from JONES on October 2, 2018**

5. In September 2018, the Palm Beach County Sheriff's Office (PBSO) District 14 Street Crimes Unit received information from a confidential source ("CS") that JONES was distributing illicit narcotics such as crack cocaine and heroin within the City of Lake Worth, Palm Beach County, Florida.

6. Based on the information provided by the CS, PBSO personnel began investigating JONES' illicit narcotics distribution activities. On October 2, 2018, the PBSO District 14 Street Crimes Unit along with other PBSO personnel met at an undisclosed location in Palm Beach County, Florida, in anticipation of conducting an undercover narcotics operation in the City of Lake Worth, Florida.

7. At approximately 7:19 p.m., a PBSO deputy, acting in an undercover capacity ("UC-1"), placed a telephone call to JONES using cellular telephone number (786) 306-9218 to arrange a drug deal to purchase crack cocaine and heroin. During the telephone conversation JONES directed UC-1 to a specific area in the City of Lake Worth to conduct the drug deal.

8. At approximately 7:26 p.m., UC-1 and another PBSO deputy, acting in an undercover capacity ("UC-2"), drove to the predetermined deal location. UC-1 placed a telephone call to JONES using cellular telephone number (786) 306-9218 once they arrived in the area. JONES advised UC-1 that he was on his way to meet UC-1.

9. Shortly after their arrival, UC-1 observed JONES approach the UC vehicle's front driver's side window. JONES handed UC-2 one loose piece of crack cocaine and a yellow piece of folded paper containing heroin.[1] UC-2 then handed the illicit narcotics to UC-1. UC-1 reached across the interior of the vehicle and handed JONES $40.00 in PBSO investigative funds (two twenty dollar bills). JONES advised UC-1 that the heroin was safe because it did not contain fentanyl. JONES departed the area on foot and the undercover officers immediately departed the

---

1 The crack cocaine weighed approximately 0.2 grams and was field tested using a PBSO issued Cobalt drug test kit which tested positive for the presence of cocaine and was submitted to the PBSO drug lab for analysis. The heroin weighed approximately 1.6 grams (total gross weight with packaging) and was field tested using a PBSO issued Marquis drug test kit which tested positive for the presence of heroin. The PBSO Crime Laboratory Forensic Sciences Division produced a controlled substances analysis report for the crack cocaine and heroin. The test of the crack cocaine revealed that the substance is cocaine a schedule II narcotic. The test of the heroin revealed that the substance is heroin a schedule I narcotic, along with Fentanyl, Ketamine, Xylazine and Tramadol.

area. The crack cocaine and heroin was processed by PBSO deputies and submitted into PBSO evidence.

10. The yellow piece of paper containing the heroin received from JONES was submitted to the PBSO Crime Laboratory for further testing. The PBSO Crime Laboratory Forensic Sciences Division produced a forensic biology report which detailed a Serology/DNA analysis performed on the yellow piece of paper that contained the heroin. The report concluded that JONES' DNA profile was recovered from the piece of paper.

### Conclusion

11. Therefore, based on the facts and information set forth in this affidavit, I respectfully submit that there is probable cause exists to believe that on October 2, 2018, JONES did commit the criminal offense of distribution of a controlled substance, namely a mixture or substances containing a detectable amount of cocaine and heroin, all in violation of Title 21, United States Code, Section 841(a)(1).

FURTHER YOUR AFFIANT SAITH NAUGHT.

_____
DAVID J. BROCKMAN
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION


SWORN TO AND SUBSCRIBED BEFORE ME THIS __12__ DAY OF DECEMBER, 2018, AT WEST PALM BEACH, FLORIDA.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>18-8095-DLB</u>

IN RE:
CRIMINAL COMPLAINT
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  __X__ No

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

By: _/s/_____
JENNIFER C. NUCCI
Assistant United States Attorney
Florida Bar No.:0171700
500 S. Australian Avenue
Suite 400
West Palm Beach, Florida 33401
TEL: (561) 820-8711
FAX: (561) 805-9846